**FILED**

**September 19, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 15-0397 – <u>Pioneer Pipe v. Swain, et al.</u>

WORKMAN, Justice, concurring:

I reluctantly concur in the conclusion reached by the majority only because the statute as written, together with the Commissioner's blanket policy refusing to apportion employer responsibility, leaves no room to conclude otherwise. However, I would strongly encourage the Legislature and/or Insurance Commissioner to reexamine its handling of this issue to ameliorate the inequitable results created, as well-illustrated in the case at bar. As noted by the majority, the claimant worked mere hours for Pioneer Pipe, yet it is saddled with the entirety of the charges resulting from his occupational hearing loss. Mr. Swain worked for thirty-three years as a heavy equipment operator; as among the employer parties to this appeal, he worked a little over a year for Brayman Construction. Nevertheless, under the statute granting the Commissioner discretion as to whether or not to allocate charges, Brayman escapes responsibility for any portion of Mr. Swain's hearing loss, and Pioneer gets hit with the entire obligation. The unfairness of this result is apparent and plainly should evoke consideration by the Legislature and/or Insurance Commissioner as to the wisdom of the statute and/or the Commissioner's misuse of the discretion granted him under the statute.

Accordingly, I respectfully concur.

1